# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CR-180-JHP** |
| | ) | |
| **TIMOTHY JASON SUMNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION & ORDER

Before this Court are the Defendant's Motion to Dismiss the Indictment on Constitutional Grounds (Doc. No. 19) and the Defendant's Motion to Dismiss the Indictment For Failure to Allege an Offense (Doc. No. 20). As set forth below, the Court GRANTS the Defendant's Motion to Dismiss the Indictment on Constitutional Grounds, finding that the indictment fails to fairly inform the Defendant of the charges against which he must defend. Because the Court grants Defendant's Motion to Dismiss the Indictment on Constitutional Grounds, it is not necessary that the Court reach the Defendant's Motion to Dismiss the Indictment for Failure to Allege an Offense. The Defendant's Motion to Dismiss the Indictment For Failure to Allege an Offense is therefore MOOT.

### Background

On November 4, 2014 Defendant, Timothy Jason Sumner, was charged by grand jury indictment as follows:

From in or about May 2013 through in or about May 2014, in the Northern District of Oklahoma, the defendant, TIMOTHY JASON SUMNER, an individual required to register under the Sex Offender Registration and

Notification Act, and a sex offender by reason of a conviction under Oklahoma state law, to wit:

> Sexual Battery, in the District Court of Rogers County, State of Oklahoma, on February 14, 2011,

Entered and left Indian Country, and knowingly failed to register and update his registration.

All in violation of Title 18, United States Code, Section 2250.

[Doc. No. 2].

On December 3, 2014 the Defendant moved that this Court enter an order "dismissing the indictment under the Fifth and Sixth Amendments to the United States Constitution on insufficiency, notice, and vagueness grounds." Additionally the Defendant asserts that dismissal is warranted because "[a]s applied to Sumner, SORNA and § 2250 is not rationally related to Congress's power to regulate interstate commerce." "He is not accused of travelling out of state, nor is he accused of having a registration requirement in Indian County and failing to meet that requirement." [Doc. No. 18, at 7-8]. In addition, the Defendant filed a separate Motion to Dismiss the Indictment For Failure to Allege an Offense, in which the Defendant argued that the 2011 Oklahoma sexual battery conviction alleged in the indictment does not constitute a predicate offense triggering the SORNA duty to register. [Doc. No. 20].

The indictment charges Defendant with violating 18 U.S.C. § 2250, which states in relevant part:

> Whoever—

> (1) is required to register under the Sex Offender Registration and Notification Act ["SORNA"]; . . .

(2) (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by [SORNA];

shall be fined under the title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

SORNA provides national standards for sex offender registration and notification in the United States. It requires a sex offender to register "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). The offender must register "not later than 3 business days after each change of name, residence, employment, or student status." § 16913(c).

## Discussion

The right to be charged by a grand jury in an indictment is guaranteed by the United States Constitution for certain crimes. The Fifth Amendment provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." In addition, the Sixth Amendment guarantees that "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." These rights as well as the Fifth Amendment's due process clause are therefore brought to bear when a defendant challenges the sufficiency of an indictment. *See Russell v. United States*, 369 U.S. 749, 761 (1962).

In *Hamling v. United States*, the Supreme Court set out the following test to determine whether an indictment is sufficient:

[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must

defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427 (1932); *United States v. Debrow*, 346 U.S. 374 (1953)).

Though minor technical deficiencies that do not prejudice the accused are no longer grounds for reversing a conviction, "the substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules." *Russell*, 369 U.S. at 763 (citing *Smith v. United States*, 360 U.S. 1 (1959)). Although the Supreme Court initially set out the *Hamling* test in two prongs, the test actually includes three requirements: (1) the indictment must contain the elements of the offense charged, (2) it must put the defendant on fair notice of the charges against him, and (3) it must enable the defendant to assert a double jeopardy defense. *See e.g. United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006).

The indictment meets the first requirement of the *Hamling* test. It tracks the language of 18 U.S.C. § 2250, setting forth each element of the offense. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling*, 418 U.S. at 117 (citing *United States v. Carll*, 105 U.S. 611 (1882)). However, as the Supreme Court found in *Hamling,* merely reciting the elements of the statute is not sufficient if the indictment fails to put the Defendant on fair notice of the charges he faces. *Id*. at 117.

The indictment also meets the third requirement of the *Hamling* test. The indictment must enable the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id*. Here, the indictment alleges that the conduct took place between May 2013

and May 2014. Because the indictment alleges this time span, it would be sufficient to bar future prosecutions for the same offense.

Though the indictment meets the first and third requirements of the *Hamling* test, it fails to meet the second requirement of the test because it does not put the Defendant on fair notice of the crime charged. As the Supreme Court held in *Hamling*, "'Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *Id*. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483 (1888)).

The Supreme Court held in *Russell v. United States* that an indictment "failed to sufficiently apprise the defendant 'of what he must be prepared to meet.'" 369 U.S. at 764. "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id*. In *Russell*, the defendants were charged with refusing to answer questions when summoned before the House Committee on Un-American Activities and a Senate subcommittee. *Id*. at n. 3. Though the indictment returned by the grand jury set out the date and each question that the defendants refused to answer, the indictment only generically alleged that the questions were pertinent to the subject under inquiry by the subcommittee. *Id*. at 752. The Supreme Court found that this generic allegation did not provide sufficient notice to the defendants. "[W]here the definition of the offence . . . includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -- it must descend to particulars." *Id*. at 765 (citing *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)).

In *Russell*, the identification of the subject matter of the subcommittees' inquiry was crucial to the determination of guilt. A witness's refusal to answer the subcommittee's questions was only criminal if the questions pertained to the subject matter of the hearing. Because the indictment failed to allege the subject matter of the inquiry, it "left the prosecution free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Id*. at 768. It also deprived the defendants of their right to be charged by a grand jury:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him. *Id*. at 770.

The Defendant in the case at hand argues that the indictment provides insufficient notice of the offense charged in several respects. "The dates identified in the indictment—'From in or about May 2013 through in or about May 2014' – are too broad and unspecific . . . Sumner cannot be expected to guess . . . when he allegedly 'entered and left Indian country' triggering the federal charge." [Doc. No. 19 at 5]. This Court agrees.

In an unpublished case decided in the United States District Court for the Eastern District of Oklahoma, *United States v. Crawford*, the court held that a similar indictment for a violation of the SORNA registration requirement failed to provide fair notice. No. CR-08-019-RAW, 2008 WL 895934 (E.D. Okla. March 28, 2008). The indictment charged the defendant with a single count of violating 18 U.S.C. § 2250. *Id.* at *1. Similarly to the indictment in the case at hand, the

*Crawford* indictment charged that the defendant travelled in interstate commerce "[d]uring the period of on or about December 1, 2006 to on or about January 9, 2008." *Id*. at *1. Though the government charged a single offense in *Crawford*, the parties agreed that there were multiple alleged instances of the conduct during the time frame charged. The court held, "Under this 'minimalist' indictment, and in the context of the SORNA statutory scheme, the court sees great risk that the grand jury may have had a concept of the offenses essentially different from that which will be relied upon by the government before the trial jury." *Id.* at *1 (citing *United States v. Curtis*, 506 F.2d 985, 989 (10th Cir. 1974)).

The indictment in the case at hand has similar deficiencies. Though the Defendant is charged with a single count, there are at least seven different alleged instances of the Defendant entering Indian country in two different locations.[1] [Doc. No. 22 at 5]. Because the indictment alleges that the conduct occurred during a broad time frame, May 2013 through May 2014, it is impossible for this Court to determine which of these instances formed the basis for the grand jury's indictment. Further, "[W]hen time is an essential ingredient of the offense charged, it must be laid with exactitude in an indictment, and in such cases must be proved as laid." *United States v. Goldstein*, 502 F.2d 526, 528 (3d Cir. 1974) (internal citations omitted). Here, Defendant was required to register as a sex offender not longer than three days after the change of location or status triggering the registration requirement. 42 U.S.C. § 16913(c). The Government alleges that the Defendant's entry into Indian Country triggered this requirement, meaning that the date on which the entry occurred is an "essential ingredient" of the offense charged.

---

[1] In the Government's response to the Defendants motion to dismiss, the Government alleges, "Defendant entered and left the Hard Rock Casino on the following dates: May 27, 2013; January 26, 2014; January 27, 2014; February 14, 2014; May 8, 2014; and May 10, 2014. . . . Ramona Casino records show Defendant entered and left the Ramona Casino on April 25, 2014." [Doc. No. 22 at 5-6].

Finally, the indictment is deficient in one additional respect. The indictment alleges that the Defendant "entered and left Indian Country." In *Russell v. United States* the Supreme Court held, "Where guilt depends so crucially upon such a specific identification of fact . . . an indictment must do more than simply repeat the language of the criminal statute." 369 U.S. at 764. Section 2250(a)(2) provides the federal hook that triggers the SORNA registration requirement when a sex offender "travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country." SORNA only applies in this case if the Defendant "entered and left Indian country." Just as the subject matter of the subcommittee inquiry was crucial to the determination of guilt in *Russell*, the fact of entering Indian country is crucial to the determination of whether Defendant violated SORNA. By generically alleging that the Defendant entered and left Indian country without specifying a time or location, the Defendant is left to guess where and when within the Northern District of Oklahoma he could have crossed into Indian Country. Given the unique prevalence of Indian country throughout this district, there are any number of possibilities. Without a more specific allegation as to the time or place of the offense, the indictment does not put the Defendant on fair notice of the charges he is facing and leaves the Court to guess the factual basis for the indictment returned by the grand jury.

The Court notes that these deficiencies cannot be cured by a bill of particulars. As the Supreme Court held in *Russell*, "[t]o allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection . . . [the] grand jury was designed to secure." *Russell*, 369 U.S. at 770; *see also Crawford*, 2008 WL 89534 at *2.

Because the Courts grants the Defendant's Motion to Dismiss the Indictment on Constitutional grounds due to the insufficiency of the indictment, it is unnecessary that the Court

reach the Defendant's second argument, that SORNA is unconstitutional as applied to this Defendant.

## Conclusion

Therefore, the Defendant's Motion to Dismiss the Indictment on Constitutional Grounds is hereby GRANTED. The Defendant's Motion to Dismiss the Indictment for Failure to Allege an Offense is MOOT.

James H. Payne
United States District Judge
Northern District of Oklahoma